UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| MATTHEW W. BUTLER and LESLIE DEUTSCH,<br><br>Plaintiffs,<br><br>v.<br><br>WELLS FARGO HOME MORTGAGE INC., and FREDDIE HOME LOAN MORTGAGE CORPORATION,<br><br>Defendants. | CASE NO. C12-5725 BHS<br><br>ORDER REQUESTING BRIEFING FROM PLAINTIFFS IN REPSONSE TO DEFENDANTS' MOTION TO DISMISS AND RENOTING MOTION |

This matter comes before the Court on Defendants' motion to dismiss for failure to state a claim upon which relief can be granted (Dkt. 9). The Court has considered the pleadings filed in support of the motion and the remainder of the file. For the reasons, stated herein, the Court requests responsive briefing from Plaintiffs and re-notes the motion.

**I. PROCEDURAL HISTORY**

On August 15, 2012, Matthew W. Butler and Leslie Deutsch (collectively, "Plaintiffs") filed a complaint against Well Fargo Home Mortgage, Inc. and Freddie Home Loan Mortgage Corporation (collectively, "Defendants"). Dkt. 1. The complaint alleges fraud, contractual breach of good faith and fair dealing, breach of fiduciary duty, unconscionability, quiet title, improper accounting and promissory estoppel and

detrimental reliance in connection with a home loan, a possible modification thereof, defaulted payments, and the foreclosure sale of the home.

On October 25, 2012, Defendants filed a motion to dismiss Plaintiffs' complaint for failure to state a claim. Dkt. 9. Plaintiffs did not respond to that motion. Instead, on December 11, 2012, Butler filed an amended complaint. Dkt. 14. On December 12, 2012, Defendants filed a motion to strike the amended complaint on the basis that Butler failed to comply with time requirements for amendment under Fed. R. Civ. P. 15(A)(1), and he failed to move the Court for leave to amend. Dkt. 15. Butler did not reply. On January 14, 2012, the Court granted Defendants' motion to strike Plaintiff Butler's amended complaint. Dkt. 14.

## II. DISCUSSION

**A.     Motion to Dismiss Standard**

Motions to dismiss brought under Rule 12(b)(6) of the Federal Rules of Civil Procedure may be based on either the lack of a cognizable legal theory or the absence of sufficient facts alleged under such a theory. *Balistreri v. Pacifica Police Department*, 901 F.2d 696, 699 (9th Cir. 1990). Material allegations are taken as admitted and the complaint is construed in the plaintiff's favor. *Keniston v. Roberts*, 717 F.2d 1295, 1301 (9th Cir. 1983). To survive a motion to dismiss, the complaint does not require detailed factual allegations but must provide the grounds for entitlement to relief and not merely a "formulaic recitation" of the elements of a cause of action. *Bell Atlantic Corp. v. Twombly,* 127 S. Ct. 1955, 1965 (2007). Plaintiffs must allege "enough facts to state a claim to relief that is plausible on its face." *Id.* at 1974.

Upon review of Plaintiffs' complaint, it appears they have alleged some facts which could give rise to some viable causes of action. However, Plaintiffs have not properly responded to Defendants' thorough and well-supported motion to dismiss. Instead, Plaintiffs apparently thought it sufficient to simply file an amended complaint in response to Defendants' motion. Although under Local Rule 7(b)(2) the Court could construe Plaintiff failure to properly respond to the Defendants' motion to dismiss "as an admission that the motion has merit," as Defendants so request (Dkt. 13 at 1-2 ), in the interests of fairness and judicial efficiency, the Court requests responsive briefing from the Plaintiff and reserves ruling on Defendants' motion to dismiss (Dkt. 9).

### III. ORDER

Therefore, it is hereby **ORDERED** that:

1. Plaintiffs' response is due by January 25, 2013; and
2. Defendants' reply, if it chooses to submit any, is due by February 1, 2013.
3. The motion is re-noted for February 1, 2013.

Dated this 16th day of January, 2013.

BENJAMIN H. SETTLE
United States District Judge