UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| MATTHEW W. BUTLER, et al., <br><br> Plaintiffs, <br><br> v. <br><br> WELLS FARGO HOME MORTGAGE INC., et al., <br><br> Defendants. | CASE NO. C12-5725 BHS <br><br> ORDER GRANTING DEFENDANTS' MOTION TO DISMISS |

This matter comes before the Court on Defendants' motion to dismiss for failure to state a claim upon which relief can be granted (Dkt. 9). The Court has considered the pleadings filed in support of the motion and the remainder of the file. For the reasons, stated herein, the Court grants the motion.

**I. PROCEDURAL HISTORY**

On August 15, 2012, Matthew W. Butler ("Butler") and Leslie Deutsch (collectively, "Plaintiffs") filed a complaint against Well Fargo Home Mortgage, Inc. and Freddie Home Loan Mortgage Corporation (collectively, "Defendants"). Dkt. 1. The

complaint alleges fraud, contractual breach of good faith and fair dealing, breach of fiduciary duty, unconscionability, quiet title, improper accounting, promissory estoppel and detrimental reliance in connection with a home loan, a possible modification thereof, defaulted payments, and the foreclosure sale of the home.

On October 25, 2012, Defendants filed a motion to dismiss Plaintiffs' complaint for failure to state a claim. Dkt. 9. Plaintiffs did not respond to that motion. Instead, on December 11, 2012, Butler filed an amended complaint. Dkt. 14. On December 12, 2012, Defendants filed a motion to strike the amended complaint on the basis that Butler failed to comply with time requirements for amendment under Fed. R. Civ. P. 15(A)(1), and failed to move the Court for leave to amend. Dkt. 15. Butler did not reply. On January 14, 2012, the Court granted Defendants' motion to strike Butler's amended complaint. Dkt. 14.

On January 16, 2013, the Court, finding that "it appeared" some of Plaintiffs' allegations "could give rise to viable causes of action," ordered Plaintiffs to respond to Defendants' motion to dismiss. The Court established a briefing schedule, requiring Plaintiffs to respond by January 25, 2013 and renoted the motion for consideration on February 1, 2013. Dkt. 22 at 3. Plaintiffs again failed to file a responsive brief opposing the motion to dismiss. On February 1, 2012, Defendants filed a reply asking the Court to dismiss Plaintiffs' initial complaint. Dkt. 23. On the same day, Butler filed a motion to amend the complaint. Dkt. 24.

## II. DISCUSSION

**A.      Motion to Dismiss Standard**

Motions to dismiss brought under Rule 12(b)(6) of the Federal Rules of Civil Procedure may be based on either the lack of a cognizable legal theory or the absence of sufficient facts alleged under such a theory. *Balistreri v. Pacifica Police Department*, 901 F.2d 696, 699 (9th Cir. 1990).  Material allegations are taken as admitted and the complaint is construed in the plaintiff's favor. *Keniston v. Roberts*, 717 F.2d 1295, 1301 (9th Cir. 1983).  To survive a motion to dismiss, the complaint does not require detailed factual allegations but must provide the grounds for entitlement to relief and not merely a "formulaic recitation" of the elements of a cause of action. *Bell Atlantic Corp. v. Twombly,* 127 S. Ct. 1955, 1965 (2007).  Plaintiffs must allege "enough facts to state a claim to relief that is plausible on its face." *Id.* at 1974.

Under Local Rule 7(b)(2), the Court construes Plaintiffs' failures to properly respond to the Defendants' motion to dismiss "as an admission that the motion has merit," as Defendants so request (Dkt. 13 at 1-2).  The Court has provided ample opportunity for Plaintiffs to respond to Defendants' persuasive, thorough and well-supported motion to dismiss.  However, instead of responding, Plaintiffs have twice filed an amended complaint or a motion to amend their complaint.  Although Plaintiffs' motion to amend contains a reference that it seeks to file an amended complaint to "respond" to Defendants' motion to dismiss (Dkt. 24 at 1), they have failed to timely and properly respond to the motion, despite an order of the Court requiring a response by January 25, 2013.

## III. ORDER

Therefore, it is hereby **ORDERED** that Defendants' motion to dismiss (Dkt. 13) is **GRANTED with prejudice** as to Plaintiffs' initial complaint (Dkt.1 ). The Clerk is directed to close this case and strike pending motions as moot.

Dated this 13th day of February, 2013.

*[signature]*

BENJAMIN H. SETTLE
United States District Judge